**John A. Cochran**, OSB No. 020022
**PACIFIC PROPERTY LAW LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
Phone: 360-601-8157
E-mail: johnpplllc@gmail.com
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Joan C. Bird, PR of Estate of Billy L. Bird | CASE NO. 3:22-cv-1030 |
| Plaintiffs, | Complaint for Conversion of REAL and Personal Property Rights; Violations of the FDCPA; and Breach of Good Faith and Fair Dealing; Wrongful Accounting |
| v. | |
| PHH MORTGAGE; MORTGAGE ASSETS MANAGEMENT, LLC; NATIONSTAR MORTGAGE, LLC and DOES 1-10, inclusive | |
| | JURY TRIAL REQUESTED |
| Defendants. | |

COMES NOW Plaintiff, Joan C. Bird, PR of Estate of Billy L. Bird, by and through Pacific Property Law LLC, hereby files this Complaint to assert the below legal claims and states the following:

### I.    NATURE OF THE ACTION

1.

Plaintiff is owner of the Property located in the State of Oregon and County of Washington. Defendants PHH Mortgage, Mortgage Assets Management, LLC ("MAM") as well as the servicer Nationstar Mortgage LLC, shall jointly be referred to as ("Defendants"/"Lenders") unless otherwise referred to specifically for the purpose of separate liability and claim identification for that respective party**.** On July 26, 2005. Plaintiff purchased property located at 975 SE Sacha Place, Hillsboro, OR 97123 ("Property") for $189,000. On March 27, 2007, Plaintiff obtained a reverse mortgage for

Page 1 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

$47,136.49; and on March 27, 2007, lender executed a residential deed of trust for $333,000, which was far greater than the value of the property at that time. (reference historical property values of 975 SE Sacha Place).

2.

The Uniform Commercial Code[1] is Oregon's law controlling negotiable instruments[2] and any associated security instruments.

3.

Plaintiff's Note is a negotiable instrument.

4.

Defendants MAM their servicer, PHH Mortgage ("PHH") are unable or refuse to show that one of them, or a principal is entitled to enforce Plaintiffs' Note under Oregon's Uniform Commercial Code (UCC), ORS 71.1010 et seq.

5.

The Defendants are attempting to take Plaintiff's property without demonstrable authority under the UCC.

6.

Defendants are impersonating the Noteholder with the aid of HUD and alternate Trustee through Nationstar as Servicer.  Additionally, the amount due and owing as alleged by Defendants is not correct.

_____

[1] ORS Chapter 71 et seq.

[2] ORS Chapter 73-0104 defines Negotiable Instrument.

Page 2 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1   The Accounting of the loan is also incorrect and done in an unlawful manner.  The loan amount

2   due has been incorrect since transfer of the loan.  PHH Mortgage has "revised" all statements to

3   show improper amount as to the actual amount due and owing. Plaintiff alleges that every month,

4   the amount is incorrect.  The initial amount shows an amount due and owing of $333,000 but that amount

5   is misleading and improper.  That amount was not reflected later on any statements and was not an actual

6   depiction of the true amount due under the line of credit deed of trust and the Property was not worth that

7   amount or even close to that amount at the time of the loan.

8   The amount the lender is now asking for does not follow the draw amounts or the

9   amounts given to Plaintiff.  The amount that Defendants are now demanding is not correct and

10  Defendants refuse to correct the error.

11

12  Plaintiff Billy L. Bird, deceased, obtained this loan on the Property and a deed of trust

13  was recorded on the Property as Seattle Mortgage Company acting as beneficiary under a

14  conversion line of credit or "reverse mortgage" on March 28, 2007.   The loan was insured and

15  HUD is listed as Trustee under this Deed of Trust.  The loan was transferred from Seattle

16  Mortgage Company to Bank of America, N.A. on July 30, 2007.  After a gap of 15 years, but

17  then on March 03, 2022 the Deed was transferred to Mortgage Assets Management LLC.  The

18  disturbing fact in the chain of title is that the Assignor, under the Assignment recorded at

19  Recording No. 2022-015464, is Nationstar Mortgage LLC d/b/a Champion Mortgage Company.

20  It is unclear how Nationstar ever obtained this deed of trust. Therefore, there is no authority or

21  rights of the current beneficiary to take action, litigation or claim any rights to any payments,

22  proceeds or foreclosure action against the Estate of Billy L. Bird or the Property.

23

24

25

26

## II.      JURISDICTION AND VENUE

Page 3 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

7.

The Defendants violated provisions of the Fair Debt Collection Practices Act (FDCPA).

8.

The jurisdiction of this Court is invoked under 15 U.S.C. Section 1692k(d).

9.

Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law; the amount in controversy exceeds $75,000; and persons that are parties are diverse.

10.

This Court also has supplemental jurisdiction over state-law because the claims arise from a common nucleus of operative facts.  Supplemental jurisdiction exists for the state-law claims under 28 U.S. C. 1367.

11.

Declaratory relief is available under 28 U.S.C. 2201 and 2202.

12.

Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### III.     PARTIES

### The Plaintiff

13.

The Plaintiff, Estate of Billy L. Bird owns the Property that is located at 975 SE Sacha Place Hillsboro, OR 97123 when and at the commencement of this action and at all times relevant.  The Plaintiff has received Notices of Foreclosure,  invoices**,**  fraudulent debt demands, and deficiencies that are all unlawful and defective.  See Exhibit 01 and 02.  It appears the last notice was sent to Mrs. Bird to 975 SE Sacha Place, Hillsboro, OR 97123.  These notices are all incorrect and contain inaccurate information pertaining to the amount due and owing and who is owed the debt.

**PACIFIC PROPERTY LAW LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1      Joan and Billy Bird never had opportunity to engage in mediation, meet with a

2   housing counselor,  or take advantage of a loan modification opportunity.  Also there were

3   a multitude of improper accountings.

4      On June of 2020, Plaintiff entered into a HECM Covid-19 forbearance workout plan with

5

6   Mr. Cooper and Bank of America, and the loan was transferred to PHH Mortgage Services.

7   However, (Bank of America PHH  the lender failed to present the correct paperwork and instead

8   presented the illegal accounting.  There was never a chance to apply for a loan modification or a

9   loss mitigation option in 2019 or 2020.  The Plaintiff asserts there should have been a proper

10  loan mitigation and housing counselor appointed for this loan.  My Client wants a legitimate

11  chance to discuss her accounting issues over the last 10 years and have a loss mitigation and

12  foreclosure mediation process that is held in good faith and time to review the offer, the internal

13  rate of return, the NPV and all the other issues that would show that the foreclosure mediation

14  process as stated under the Statute is being conducted in good faith by the proper and lawful

15  beneficiary.

16

17      In short, it appears that Nationstar and PHH Mortgage beneficial interest that is

18  apparently unlawfully obtained had been overcharging fees that were and are improper

19  and never reducing the principal in a proper manner for almost 20 years.

20

21      Plaintiff ~~just~~ wants a proper accounting.  Plaintiff asserts the monthly payment

22  was incorrect starting in 2010.   This is highly unlawful.

23      After this fiasco and misrepresentation in 2011 to 2018, the Lender did not send

24  accountings Billy Bird.  Neither Plaintiff nor its agents to this day have to this day received a

25  proper accounting.  After Billy Bird died, the account was never reconciled.

26

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

**The Defendants**

1

2                                    14.

3        Defendant, Servicer Nationstar Mortgage LLC ("Nationstar") is located in Florida.  Its

4   physical address is 2100 Alt. 19 North Palm Harbor, FL 34683.

5                                    15.

6        Current Beneficiary is Mortgage Assets Management, LLC.  Its address is 12345 N Lamar Blvd,

7   Ste. 125, Austin, TX 78753.

8                                    16.

9        PHH Mortgage, LLC is located at PO Box 24606, West Palm Beach, FL 33416.

10                                    17.

11

12       The particular acts taken by Defendants in not proving its status as a holder of the Note

13   classifies them as a Debt Collector as defined in 15 U.S.C. Section 692a(6) and liable for the acts

14   of officers, agents, and employees because they also are debt collectors.

15                                    18.

16       Plaintiff has sent letters requesting particular information and establishing that the current

17   beneficiary does or does not have the right to enforce the promissory note.  Said requests were

18   made on April 29, 2022 attached as **Exhibit 01.**  The alleged lender and servicer have given NO

19   proper response with the requested information sent back to Plaintiff in the legally required

20   timeframe.

21

22                                    19.

23       Defendant, Does 1 through 5: Plaintiff is without knowledge of the true names and capacities

24   of all potential Defendants and therefore sues these Defendants as DOE.  Plaintiff reserves the right

25

26

Page 6 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1  to amend with the true names and capacities of any said DOE if any, when such information is

2  ascertained.

3                                    **IV.  ISSUES PRESENTED**

4                                                 20.

5        Mr. Billy Bird is a natural adult person, a Consumer as defined in 15 U.S.C. Section

6  1692a (3), and a resident of the State of Oregon at all relevant times herein.

7                                                 21.

8
9        MAM, the alleged Noteholder, is a Debt Collector as defined in 15

10  U.S.C. Section 1692a(6) and liable for the acts of officers, agents, and employees because also

11  are debt collectors.

12                                               22.

13       Nationstar and PHH are acting as the servicer is a Debt Collector as defined in 15 U.S.C.

14  Section 1692a(6) and liable for the acts of its officers, agents, and employees because

15  they are debt collectors.

16
17                                               23.

18       Nationstar is a Debt Collector as defined in 15 U.S.C. Section 1692a(6) and

19  liable for the acts of its officers, agents, and employees because they are debt collectors.

20                                               24.

21       Nationstar and PHH, by attempting to enforce a negotiable instrument that it is unable or

22  unwilling to show it is entitled to enforce the Note for itself commits certain acts that classifies it

23  as a Debt Collector under 15 U.S.C. Section 1692a(6).

24                                               25.

25

26

Page 7 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

1    PHH Mortgage, by aiding MAM and PHH    and in the exercise of its alleged rights in a

2    Negotiable Instrument and Security Agreement commits certain acts that classifies it as a Debt

3    Collector under 15 U.S.C. Section 1692a(6).

4                                         26.

5    On March 28, 2007, Mr. Bird took out a mortgage line of credit for allegedly

6    $333,000.00.   The mysterious and highly suspect issue here is that this amount is far too high for

7    what the Property was worth at that time.  Miss Bird feels this amount is incorrect, overstated

8    and is fraudulent.

9

10                                        27.

11   Mr. Bird is the Maker[3] of the Note and counterparty to the Note. Mr. Bird died on March

12   07, 2022.  The Probate for the Estate is filed in Washington County at Case No. 22PB03398.

13                                        28.

14   The Note is a Negotiable Instrument[4].

15                                        29.

16   The Lender identified on the Note is Mortgage Assets Management, LLC.

17                                        30.

18

19

20

21

_____

22   [3] "Maker" means a person who signs or is identified in a note as a person undertaking to pay. (ORS
     73.0103(d).

23

24   [4] "Negotiable Instrument" means an unconditional promise or order to pay a fixed amount of money, with
     or without interest or other charges described in the promise or order, if …. ORS 73.0104

25

26

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

Plaintiff acknowledges that under the UCC, the Note is a Negotiable Instrument that may be transferred[5] to another.

31.

Plaintiff acknowledges that anyone who takes the Note through a fully qualifying UCC transfer is entitled to receive payments.   Plaintiff also acknowledges that a valid Holder of the Note may declare an obligor in default.

32.

Plaintiff acknowledges that anyone who takes the Note through a qualifying UCC transfer is entitled to enforce the Note under ORS 79.0203 (UCC 9-203)

33.

On March 28, 2007, Plaintiff signed a Trust Deed (Security Agreement securing the Note.

34.

Plaintiff acknowledges MAM, Bank of America, PHH or a valid downstream Noteholder would have the right to enforce the Note and sell the Property.

35.

Given the Defendants' inability or refusal to demonstrate MAM or Bank of America or PHH is the valid Holder of the Note, Plaintiff denies he is obligated to MAM or PHH or BOA.

36.

Allegedly, an unknown Person[6] declared a default on the Note.

---

[5] ORS 73.0203.

[6] "Person" means an individual, corporation, business trust, estate, trust, partnership, limited

Page 9 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

37.

The Servicer, PHH, all sent Plaintiff notices of arrearage as well as Nationstar sent Plaintiff a Notice of default and demand for payment setting a default date July 2022.

38.

Under the UCC, the Notice of Default was a presentment[7] (demand for payment).

39.

Allegedly, MAM instructed Nationstar to default Plaintiff's real property and sell it as a form of collection action and default on the asset.

40.

The default occurred and the amounts are incorrect.

41.

The defaults are sent in a manner that is not proper and harassing to elderly borrower.

42.

On April 29, 2022 Plaintiff, as Maker, counterparty, and Obligor on a Note sent Defendants a UCC letter.  **Exhibit 01.**

43.

_____

liability company, association, joint venture, government, governmental subdivision, agency or instrumentality, public corporation or any other legal or commercial entity. ORS 73-0103.

[7] "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument to pay the instrument made to . . . a party obliged to pay the instrument or, . . . ORS 73-0103.

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

Plaintiff, sought substantive proof from Nationstar and MAM and PHH that its Client or predecessor was the valid Holder of his Note and had the legal right to declare a default (threshold authority).  **Exhibit 01.**

44,

Plaintiff sought verifiable records showing a valid Holder of the Note initiated the Trustee Sale under RCW 62A.3-301,302-308.  **Exhibit 01**.

45.

Plaintiff sought UCC-centric records from Defendants through its agent, Nationstar under Oregon's UCC, Regulation X, 12 C.F.R. Section 1024.36 and the FDCPA.  **Exhibit 01.**

46.

Plaintiff sought answers to eight (8) questions from or through Nationstar regarding the legal status of the alleged Holder of the Note under the UCC.  **Exhibit 01**, Section 1.

47.

Plaintiff did not ask Nationstar to verify an alleged debt under the FDCPA, (i.e., amount and name of original creditor.) **Exhibit 01**.

48.

If Nationstar forwarded Plaintiff's UCC Demand Letter (Exhibit 01) to Defendants seeking records and information, Defendants did not respond for Nationstar.

49.

Nationstar and Nationstar and PHH's response was severely deficient.

50.

Page 11 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION GOOD FAITH AND FAIR DEALING

1  Nationstar refused or was unable to show Defendants or a principal was entitled to

2  enforce his Note.

3  51.

4  Based on Nationstar's refusal or inability to respond meaningfully to his information and

5  records requests, Plaintiff denies the alleged default.

6  52.

7  Based on Nationstar's refusal or inability to respond meaningfully to his information and

8

9  records requests, Plaintiff denies that Defendants is the valid Holder of his Note.

10  53.

11  Based on Nationstar's refusal or inability to respond meaningfully to his information and

12  records requests, Plaintiff denies that he is obligated in any way to Defendants.

13  54.

14  Nationstar failed to respond meaningfully to request made under Oregon statutes, the

15  UCC.

16

17  55.

18  Nationstar's response referenced the FDCPA, but did not address the UCC-centric nature

19  of Plaintiff's request, nor did the Nationstar cite authority permitting it to avoid the information

20  and records requested in his UCC Demand Letter.

21  56.

22  In addition to the rights he has in his real property, Plaintiff, as the Note's counterparty,

23  holds and enjoys personal property rights in his Note.

24  57.

25  Plaintiff enjoys statutory protections under the Oregon's UCC.

26

Page 12 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

58.

Plaintiff has not waived any personal property rights in the Note (a negotiable instrument) and Trust deed (a Security Agreement).

59.

Plaintiff has not waived access or any protections afforded him in the full body of the UCC.

60.

The Defendants have not shown with authority that they have no duties to Plaintiff under the UCC.

61.

The UCC is Oregon's law controlling the Note; a negotiable instrument. RCW 62A.3-104 et seq.

62.

The UCC controls the Note's Security Agreement that is inferior or an underling to the Note (an accessory). RCW 62A.3-104 et seq.

63.

Nationstar is attempting to exercise the Note's Security Agreement that it would not or could not show its Client had a right to exercise under the UCC.

64.

Nationstar refused or was unable to show its Client, Defendants or its principal, is the Person entitled to enforce the instrument when challenged under the UCC.

Page 13 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

65.

Nationstar refused or was unable to show its client, Defendants or its principal is not in wrongful or rightless possession of the instrument.

66.

If Nationstar informed alleged beneficiary of Plaintiff's UCC Demand Letter, the Defendants were not able or willing to defend the alleged rights that Defendants or its principal may have had in the Note.

67.

If Nationstar informed Servicer, Nationstar and PHH Mortgage of Plaintiff's UCC Demand Letter, the Defendants were not able or willing to defend the alleged rights that Defendants or its principal may have had in the Note.

68.

As Servicer, PHH Mortgage is Defendant's agent.

69.

Nationstar is Defendants's agent.

70.

Defendants and its agents waived, forfeited, or abandoned any alleged rights it or a principal may have had in the Note and Trust Deed.  RCW 62A.1-206 (Presumptions).

71.

As a mortgage loan Servicer, and agent, PHH Mortgage is to answer all homeowner mortgage loan and foreclosure related information and records requests.

72.

Page 14 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION GOOD FAITH AND FAIR DEALING

Plaintiff's UCC Demand Letter (an information and records request) challenged Servicer, PHH's presentment:

> **Upon demand of the person to whom presentment is made**, the person making presentment **MUST**:
> (i) Exhibit the instrument;
> (ii) Give **reasonable identification** and, if presentment is made on behalf of another person, reasonable **evidence of authority** to do so. RCW 62A.3-501(2)
> (3) Without dishonoring the instrument, the party **to whom Presentment is made may**:
> (ii) **Refuse payment** or acceptance **for failure of the presentment to comply with** the terms of the instrument, an agreement of the parties, or other **applicable law** or rule. RCW 62A.3-501(3).

73.

Defendants and its agents failed to give reasonable identification or evidence of authority when demanded by Plaintiff, and its presentment failed.

74.

Therefore, under the FDCPA, Oregon's UCC, and Regulation X, 12 C.F.R. Section 1024.36. Section 1 of the UCC demand letter sought the answers to eight (8) questions of Servicer Nationstar and PHH regarding the legal status of the alleged Holder of the Note. None of the Questions in the UCC Demand letter asked the Servicer to verify an alleged debt under the FDCPA. Plaintiffs received no meaningful records responsive to the request under the FDCPA, Oregon's UCC, and Regulation X, 12 C.F.R. Section 1024.36 from Servicer PHH or Nationstar and the response was severely deficient.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

Page 15 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

**15  U.S.C. § 1692(e)**

75

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

76

The FDCPA is a strict liability statute which specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer." 15 U.S.C. § 1692e(10). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)).

77

To assess whether particular conduct violates the FDCPA, courts use the "least sophisticated debtor" standard. *See Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

78

Page 16 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION GOOD FAITH AND FAIR DEALING

1   When applying the "least sophisticated consumer" standard, the Misleading

2   statement must also be materially false or misleading to violate FDCPA 15 U.S.C. § 1692e.

3   *Miller* at 596-97. "The materiality standard simply means that in addition to being

4
5   technically false, a statement would tend to mislead or confuse the reasonable

6   unsophisticated consumer." *Wallace v. Oregon Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir.

7   2012).

8
                                        79
9
10   Given the tests above, it is very clear that if Defendant cannot confirm it has the right

11   to enforce the Note and has unlawfully began foreclosure proceedings.  This constitutes

12   breach of fair debt collection practices.
13
                          **FDCPA COUNT 1**
14   **15 U.S.C. § 1692 E(2) – FALSE OR MISLEADING REPRESENTATION IN**
                          **COMMUNICATIONS**
15
                                        80.
16
17   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully
     set forth herein.
18
                                        81.
19
20   Plaintiff requested proof from PHH and Nationstar to show it, or a principal, had the

21   threshold legal rights to declare a default in this amount, and then enforce her Note under the UCC

22   by virtue of a statements and possible foreclosure action/Trustee's sale based solely on alleged rights

23   in the security instrument.

24                                      82.

25   Based on the responses Plaintiff received from Nationstar and PHH, Plaintiff denies the Note

26   is in default, and as such, owes nothing to an alleged Holder of his Note.

Page 17 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

82.

Nationstar and PHH in attempting to collect on the Note and Deed of Trust and eventually foreclose on Plaintiff's home sent letters and notices to Plaintiff, wherein it alleged it had the right to collect and sell Plaintiff's property, because of an alleged default and harassing Client for money it is not entitled to by law.

83.

Nationstar and PHH failed, refused, or could not show that it, or its principal, held the legal right to enforce Bird's Note and then collect, harass, intimidate and act to sell his property in enforcing said Note for the amount alleged by Creditor.   Also, Borrower/Plaintiff has asked for a correct accounting for over 10 years.

84.

Given Nationstar and PHH failed, refused, or cannot show it, or a principal is fully entitled to enforce his Note for the amount stated, it communicated false information concerning the legal character of the alleged debt by acting as, or for, an alleged Holder of the Note.  Also the amount of the debt is wrongful and Defendant refuses to correct the errors which causes damages and stress to Plaintiff.

85.

Given Plaintiff denies the Note is in default, Nationstar and PHH communicated false information concerning the amount of the alleged amount of debt by acting as, or for, an alleged Holder of the Note.   Also the amount of the debt is wrong.  Defendant refuses to correct or acknowledge that the amount is wrong.

86.

Given Nationstar and PHH failed, refused, or cannot respond to Plaintiff's letters regarding its legal status as Holder or amounts alleged to be due thereunder said guise of servicer

Page 18 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

1    or lender or Creditor or Debt Collector, or the agent thereof, it communicated false information

2    concerning the legal status of the alleged debt by acting as, or for, an alleged Holder of the Note.

3                                              87.

4           Nationstar and PHH sent notice to Plaintiff that it and alleged Lender, Defendants was

5    proceeding with collection and a foreclosure action and demanded large sums of money or

6    improper amounts in a fraudulent manner.    The amount is also incorrect.

7                                              88.

8
9           By its actions, Defendants, violated 15 U.S.C. § 1692 e(2) regarding communication

10   related to the character, amount, or legal status of the alleged debt.

11

12                                  **FDCPA COUNT 2**
                          **15 U.S.C. § 1692 F – UNFAIR PRACTICES**
13

14                                             89.

15          Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

16   set forth herein.

17

18                                             89.
19
20          Plaintiff requested proof from Nationstar and PHH to show it, or a principal, had the

21   threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue of

22   a Trustee's sale based solely on an improper amount.  Plaintiff gave notice to Defendant that the

23   amount was improper for almost 10 years.

24                                             90.

25

26

Page 19 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1    Nationstar and PHH failed, refused, or could not show that it, or its principal, held the

2    legal right to enforce the amount of the debt and then still engage in conduct to enforce said debt.

3                                      91.

4    Based on the responses Plaintiff received from Nationstar and PHH, Plaintiff denies the

5    Note is in default for said amount, and as such, owes another amount to this alleged Holder of his

6    Note.  The amount requested under the Notice of Sale is improper.

7                                      92.

8

9    Plaintiff, a reasonable and prudent person, sent letters to Nationstar and PHH requesting

10   information regarding its, and its principal's legal status under the UCC, the amount of the debt

11   and to validate said debt.

12

13                                     93.

14

15   Plaintiff sought assurances that a valid Holder of her Note sought to enforce a valid

16   amount under the alleged debt.  The debt amount is incorrect.

17

18                                     94.

19   Plaintiff will work with Nationstar and PHH if and only if Nationstar and PHH could

20   show it, or another, held the rights to enforce its Note, and then exercise the proper amount due

21   and owing under said  security interest.

22                                     95.

23

24   Nationstar and PHH elected to belligerently and callously exercise its alleged rights in the

25   ancillary Deed of Trust and enforce the Note by exploiting and harassing Client to take money it

26

Page 20 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

1  is not owed.  Defendant even refuses to correct mistakes in its own accounting that Plaintiff

2  pointed out many, many times.

3                                        96.

4      Nationstar and PHH violated 15 U.S.C. § 1692 f by engaging in unfair and

5  unconscionable means to collect or attempt to collect the alleged debt.

6                          **FDCPA COUNT 3**
7            **15 U.S.C. § 1692 F(1) - UNFAIR PRACTICES 1**

8                                        97.

9      Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

10  set forth herein.

11

12                                       98.

13

14  The Oregon's UCC controls the transfer of rights in negotiable instruments.

15                                       99.

16     As a citizen of Oregon, Plaintiff has equal access to its laws and the procedures and

17  protections therein.

18                                       101.

19

20     Plaintiff requested proof from NATIONSTAR AND PHH to show it, or a principal, had

21  the threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue

22  of a Trustee's sale based solely on alleged rights in the security instrument.

23                                       102.

24     NATIONSTAR AND PHH failed, refused, or could not show that it, or its principal, held

25  the legal right to enforce Plaintiff's Note and then act to sell Mrs. Bird's property.

26

Page 21 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

1

103.

2    NATIONSTAR AND PHH failed, refused or could not show that it had, or has, a legal

3  nexus to Bird's Note and any enforcement rights therein.

4

104.

5    NATIONSTAR AND PHH violated 15 U.S.C. § 1692 f(1), by attempting to collect an

6  amount it could not show was permitted to collect by law under the statutory scheme of Oregon's

7  UCC. Damages as are proven at trial.

8

9

10

11

12

13

**COUNT 4**
**15 U.S.C. § 1692 F(1) - UNFAIR PRACTICES 2**

14

15

105.

16    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

17  set forth herein.

18

106.

19

20  The Oregon's UCC controls the transfer of rights in negotiable instruments.

21

107.

22    As citizen of Oregon, Plaintiff has right to avail itself of the laws and the procedures and

23  protections therein.

24

108.

25

26

Page 22 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

1    Plaintiff requested proof from Nationstar and PHH to show it, or a principal, had, or has,

2    the threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue

3    of a Trustee's sale based solely on alleged rights in the security instrument.

4                                          109.

5    Nationstar and PHH failed, refused, or could not show that it, or its principal, held the

6    legal right to enforce Bird's Note and then act to sell her property.

7
                                          110.
8
9    Nationstar and PHH failed, refused, or could not show that it had a legal nexus, as a party

10    or rightful Holder of her Note with any enforcement rights therein.

11                                          111.

12    Nationstar and PHH and its principal are not a valid Holder of Plaintiff's Note.

13                                          112.

14
    Nationstar and PHH violated 15 U.S.C. § 1692 f(1), by attempting to enforce the Deed of
15
16    Trust when it cannot show it, or its principal are an interested party to the agreement creating the

17    alleged debt by virtue of a fully qualifying UCC transfer of rights. Damages as proven at trial.

18    The amount of debt Defendant attempts to collect is improper as well.

19                                **FDCPACOUNT 5**
                 **15 U.S.C. §§ 1692 E(2), F, & F(1) - UNFAIR PRACTICES 3**
20
21                                          113.

22    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

23    set forth herein.

24                                          114.

25

26

Page 23 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

Plaintiff requested proof from Nationstar and PHH to show the debt was a valid debt; that it had a legal right to enforce the Note; and then exercise any legal rights it had in the Deed of Trust. The amount of debt Defendant attempts to collect is improper as well.

115.

Plaintiff offered to surrender the property, if Nationstar and PHH could show it, or another, held the rights to enforce his Note, and then exercise the security interest.

116.

Nationstar and PHH failed, refused, or could not show that it, or its principal, held the legal right to enforce his Note and then act to sell his property.

117.

Nationstar and PHH failed, refused, or could not show, that the alleged underlying debt was a valid debt. The amount of debt Defendant attempts to collect is improper as well.

118.

Nationstar and PHH failed to show it possessed any legal rights in his Deed of Trust or Note by virtue of a fully qualifying UCC transfer of the Note, which is the underlying debt instrument its actions are based on.

119.

The enforcement of notes and the protections afforded Plaintiff under the UCC and FDCPA are inextricably intertwined.

120.

Nationstar and PHH and Defendants violated 15 U.S.C. § 1692 e(2), f, & f(1) when it failed to validate and misrepresented the character, amount, or legal status of the alleged debt associated with the Note when attempting to collect and receive monies it is not entitled to  and

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1  threaten foreclose on Plaintiff's personal property rights in the Note and real property rights in

2  the property.  Damages as proven at trial.

3

4                              **FOURTH CLAIM FOR RELIEF**

5                                        **CONVERSION**

6                                             121.

7      Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

8  set forth herein.

9                                             122.

10     The counterparties to the Note and Deed of Trust enjoy a myriad of personal property

11  rights in the instruments, which include procedural rights under several bodies of law which

12  includes Oregon's UCC. It is important to remember that these procedural rights are not merely

13

14  notional.

15                                            123.

16     Nationstar and PHH and Defendants is liable for common-law conversion.

17                                            124.

18     Conversion is an intentional exercise of dominion or control over a chattel which so

19  seriously interferes with the right of another to control it that the actor may justly be required to

20  pay the other the full value of the chattel.

21

22                                            125.

23     In determining the seriousness of the interference and the justice of requiring the actor to

24  pay the full value, the following factors are important:

25     a. the extent and duration of the actor's exercise of dominion or control;

26

**PACIFIC PROPERTY LAW LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

b. the actor's intent to assert a right in fact inconsistent with the other's right of control;

c. the actor's good faith;

d. the extent and duration of the resulting interference with the other's right of control;

e. the harm done to the chattel;

f. the inconvenience and expense caused to the other.

126.

Nationstar and PHH and Defendants converted the personal property rights (Bird's chattel) of Plaintiff in his Note for its own use.

127.

Plaintiff has the right to challenge Nationstar and PHH and Defendants and an alleged Holder, of his Note under the UCC.

128.

Nationstar and PHH's failure or refusal to honor Plaintiff's rights is a 'taking' of his 'rights and protections' enjoyed in his Note and the laws of Oregon.

129.

Defendant(s) as the alleged person entitled to enforce the Note, or as its agent, withheld information and documents relevant to the mortgage loan, Note, and Deed of Trust, and its alleged legal status.

130.

Nationstar and PHH was and is withholding of information related to Plaintiff's Note. The extent and duration of the Nationstar and PHH's exercise of dominion and control over Plaintiff's personal property rights in his Note.

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

1

2

131.

3    Nationstar and PHH committed extreme and outrageous acts when it repeatedly ignored

4    Plaintiff's UCC demand letters and continued its foreclosure acts without a showing that it, or a

5    principal, had the authority to enforce the Note.

6

132.

7

8    Nationstar and PHH had opportunity to demonstrate under Oregon's UCC, the FDCPA,

9    Regulation X, and Oregon's foreclosure laws that it or its principal is the valid holder of

10   Plaintiff's Note.

11

133.

12   Defendants are liable to Plaintiff for common-law conversion of his personal property

13   rights (chattel) in Plaintiff's Note.

14

**FIFTH CLAIM FOR RELIEF**

15   **BREACH OF GOOD FAITH AND DUTIES OF CARE**

16

134.

17   Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully

18   set forth herein.

19

135.

20

21   The UCC at ORS 73/ UCC 2-103 (l)(b) shows, ""Good faith," except as otherwise

22   provided in Article 5, means honesty in fact and the observance of reasonable commercial

23   standards of fair dealing." ORS 73/ UCC 2-103 (l) shows, "Every contract or duty within the

24   Uniform Commercial Code imposes an obligation of good faith in its performance and

25   enforcement."

26

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

136.

Under Oregon's foreclosure laws and the UCC, Nationstar failed to:

a.    Exercise its duty of good faith toward the borrower by collecting, harassing, demanding payment with no proper legal accounting to put the account in "good" standing and not even having the proper legal authority to make such demands and take large sums of unaccounted proceeds from Plaintiff and never producing the proper legal records to show said authority, or its principal was fully entitled to enforce the Note under the UCC.

b.    Abide by the law having concealed material information needed by Plaintiff related to an alleged default and the Holder's right to declare a default and the amount of said default and who was proper party to receive said funds or even the proper party so he had option to surrender the property to the proper Person.  Also REFUSING TO give Plaintiff a proper accounting year after year causing her much emotional distress and accounting errors lead to compensatory, unlawful interest and statutory damages over the last 9 to 10 years of accounting errors.

c.    Provide records to show Nationstar and PHH, or its principal, was the valid Holder of the Note, to which she could surrender the property.  Need proper accounting.

137.

Nationstar and PHH and Defendants both failed to fulfill its duty to Plaintiff by failing to act in a legal and reasonable manner, to which Plaintiff could keep her Property out of default situation or foreclosure of said Property, with the assurances she sought.

**SIXTH CLAIM FOR RELIEF**
**WRONGFUL ACCOUNTING**

138.

Page 28 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION GOOD FAITH AND FAIR DEALING

**Pacific Property Law LLC**
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

139.

Plaintiff asked the Defendant for a proper accounting from 2011 until now, July of 2022. Over this period of 9 years the lender has never consented to giving a proper lawful accounting. The accounting never made sense because it was off because Plaintiff has found discrepancies in the escrow and the monthly statements. Lender categorically denies the defect in accounting and refuses to fix the discrepancy in this respective accounting error.

140.

Many errors have been brought to attention of Servicer and Lenders that the accounting is wrong. The Defendant Beneficiary, Lender, Servicer nor trustee has ever attempted to make any effort or adjustment or correction to the wrongful accounting both Billy Bird and Joan Bird have pointed out to the Defendants for years.

**PLAINTIFF RESERVES CERTAIN RIGHTS**

141.

Plaintiff reserves the right to add parties and claims as it learns of separate and specific names of improperly and erroneously titled proper and necessary parties to this action or other causes of action. Plaintiff anticipates Servicer, NationStar and Mortgage Assets Management, LLC will become a Defendant if it cannot show records that PHH Mortgage is the Holder of the Note in response to Plaintiff's UCC Demand Letter sent

142.

Plaintiff respectfully request the Court to allow leave to amend any pleading deficiencies or any new information obtained through discovery.

PACIFIC PROPERTY LAW LLC
16811 Lakeridge Drive
Lake Oswego, OR 97034
PHONE (360) 601-8157
E-mail: johnpplllc@gmail.com

## JURY DEMAND

143.

Plaintiff requests a jury trial on all issues triable herein under FRCP, Rule 38 (b).

WHEREFORE, Plaintiff will ask for the following for each Claim for Relief sustained:

1. For declaratory judgment first and foremost as to who actually owns this Note and Deed of Trust after asking Defendants to show IF they do indeed own the Note and Deed of Trust per the requests of Plaintiff and discovery in this case.
2. For declaratory judgment as to the proper amount owed to Defendant and proper accounting to show continual violations of Defendant attempting to collect under the Note and Deed of Trust and against the protest and requests of Plaintiff.
3. For the Second Claim alleging violations of FDCPA, an amount of damages of equal to what Plaintiff has improperly paid thus far to Nationstar and PHH and Defendants and penalties and damages stemming therefrom and to be proven at trial for each and every violation.
4. For the Claim of Fraud and improper transfer and conversion, Plaintiff asks the Court to deem the collection and demand letters as null and void and enjoin and terminate any future sale set on this Property.
5. For general, special, direct, compensatory and ancillary damages or whatever Plaintiff may prove at trial.
6. For any necessary temporary, preliminary or permanent injunction as awarded.
7. For any prejudgment or other interest according to law.
8. For whatever relief the Court deems just and equitable.

DATED July 14 , 2022.

/s/ John A. Cochran                    _
John A. Cochran, OSB #020022
16811 Lakeridge Drive
Lake Oswego, Oregon 970354
Phone:  360-601-8157
E-mail:  johnpplllc@gmail.com

Page 30 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION
GOOD FAITH AND FAIR DEALING

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on July 14, 2022, a copy of the foregoing was filed electronically. Notice of
3
this filing will be sent to the following parties through the Court's Electronic Case Filing System.
Parties may access this filing through the Court's system.

4

     Clerk of the Court
5
     U.S. District Court for the District of Oregon
     Mark O. Hatfield U.S. Courthouse
6
     1000 S.W. Third Avenue
     Portland, OR 97204-2902
7

8
I further certify that by filing said document via the U.S. District Court's CM/ECF Electronic Filing
System, a copy thereof was served on the following parties:

9

     PHH Mortgage
10
     Attn: Corporation Service Company
     1127 Broadway Street NE, Ste. 310
11
     Salem, OR 97301

12
     MORTGAGE ASSETS MANAGEMENT, LLC
13
     12345 N Lamar Blvd, Ste. 125
     Austin, TX 78753
14

     NATIONSTAR MORTGAGE, LLC
15
     2100 Alt. 19 North
     Palm Harbor, FL 34683
16

17
                 PACIFIC PROPERTY LAW LLC:

18
                 By: /s/ John A. Cochran
19
                 John A. Cochran, OSB #020022
                 johnpplllc@gmail.com
20

21

22

23

24

25

26

Page 31 – COMPLAINT FOR FRAUD, FDCPA, CONVERSION

GOOD FAITH AND FAIR DEALING