IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Joan C. Bird, PR of Estate of Billy L. Bird,                    Case No. 3:22-cv-1030-JR

    Plaintiffs,                                      FINDINGS &
                                                                RECOMMENDATION

  v.

PHH MORTGAGE; MORTGAGE
ASSETS MANAGEMENT, LLC;
NATIONSTAR MORTGAGE, LLC and
DOES 1-10, inclusive,

    Defendants.
_____

RUSSO, Magistrate Judge:

  Plaintiff Joan Bird brings this action, purportedly as the representative of the Estate of Billy

Bird, alleging violation of the Fair Debt Collection Practices Act, conversion, breach of the duty

of good faith and fair dealing, and wrongful accounting.  Defendant PHH Mortgage Corporation

moves to dismiss or in the alternative for a more definite statement.

  Defendant PHH Mortgage Corporation asserts plaintiff Joan Bird lacks standing as the

complaint fails to allege she is the borrower or executor of the borrower's estate.  Defendant also

contends plaintiff fails to allege facts demonstrating PHH Mortgage Corporation is liable for any

of the claims alleged.

Page 1 – FINDINGS & RECOMMENDATION

Defendant filed its motion on September 28, 2022.  Although plaintiff is represented by counsel, she has failed to respond to the motion.  The motion to dismiss (ECF 10) demonstrates deficiencies in the complaint that justify dismissal including a failure to allege appointment as a personal representative for the estate of Billy Bird.[1]

On October 31, 2022, the Court stayed the motion to dismiss so that plaintiff could provide the Court with a status report as to her appointment as a personal representative.  The Court ordered plaintiff to provide the status report within 10 days and warned her a failure to respond would result in dismissal of the complaint for failure to prosecute.

On November 2, 2022, plaintiff and defendants Mortgage Assets Management and Nationstar Mortgage submitted a stipulated judgment of dismissal as to those two defendants.  To date, plaintiff has not provided the status report ordered by the Court or indicated the status of the case with respect to the remaining defendants PHH Mortgage or Does 1-10.  Accordingly, this action should be dismissed for failure to prosecute and failure to follow a court order.

<u>CONCLUSION</u>

Defendant PHH Mortgage Corporation's motion to dismiss (ECF 10) should be granted.  In addition, this action should be dismissed for failure to prosecute.  A judgment should enter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days

---

[1] In its motion for an extension of time to answer, defendants Mortgage Assets Management and Nationstar Mortgage, assert "[t]his property is the subject of a parallel probate proceeding. Plaintiff's counsel advises that plaintiff is working to get properly appointed as personal representative, so that she can sell the property at issue and pay off the mortgage without further litigation."  ECF 13.

Page 2 – FINDINGS & RECOMMENDATION

within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 15th day of November, 2022.

_____
/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge